IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

| | |
|---|---|
| Dialysis Access Center, LLC; Dr. Justo González Trápaga; and his wife, Nancy Roig Flores<br><br>Appellants<br><br>v.<br><br>RMS Lifeline, Inc.<br><br>Appellee | APPEAL NO. 10-1872<br>(DCPR 10-01382 (GAC))<br><br>NULLITY OF CONTRACT, DAMAGES |

**OPPOSITION TO MOTION FOR STAY OF JUDGMENT PENDING APPEAL**

**TO THE HONORABLE COURT:**

COMES NOW the Appellee, RMS Lifeline, Inc. ("RMS"), by and through its undersigned counsel, and respectfully moves this Honorable Court of Appeals to deny Appellants' request for stay of the judgment pending appeal. In support of this opposition to Appellants' request for stay of the judgment, RMS shows as follows**:**

**I.    SUMMARY OF THE ARGUMENT**

In this case Appellants try to appeal from a decision made pursuant to the Federal Arbitration Act ("FAA") that ordered that their claims be submitted to an agreed arbitration proceeding before the American Health Lawyers Association ("AHLA"). Under the FAA such decision is not appealable. Appellants, however, request a stay of the judgment pending appeal arguing that an alleged condition precedent for arbitration was not satisfied prior to the filing of the arbitration demand by RMS. As repeatedly held by the Supreme Court, whether the agreement executed between RMS, the Dialysis Access Center, LLC ("DAC"), Dr. Justo González-Trápaga ("Dr. González"), and the two other physicians that are not a party to this case, namely, Dr. Alfredo Ramirez-Justiniano ("Dr. Ramirez-Justiniano"), and Dr. José Colón-Rivera ("Dr.

Colón-Rivera"), contained a condition precedent for the filing of an arbitration demand and if that condition was met by RMS is an issue to be heard in arbitration. Notwithstanding the arbitrability of such issue, the Appellants' own allegations in this case confirm that RMS exhausted good faith negotiations with DAC, Dr. González-Trápaga, Dr. Ramirez-Justiniano, and Dr. Colón regarding their disputes under the MSA.

None of the arguments in support of the motion for stay of judgment pending appeal warrants that the controversies in the case be drifted from arbitration. Such arguments were considered, evaluated on their merits, and dismissed by the U.S. District Court. Appellants have a proper forum to present their claims and challenges to the agreement with RMS and they will not suffer any irreparable injury if a stay of the judgment is not granted. As expressly agreed between the parties, their claims and arguments against RMS will be heard in arbitration where Appellants will have an opportunity to present any evidence they deem necessary to support their allegations and pray for relief. Hence, no irreparable injury will be suffered. On the other hand, granting a stay of the order and judgment compelling arbitration would defeat the purposes of the FAA that mandates the enforcement of agreements to arbitrate, and would impede the expeditious disposition of the disputes among the parties.

## II.     PROCEDURAL BACKGROUND OF THE CASE

Prior to the filing of this civil action by the Appellants before the Puerto Rico Court of First Instance, RMS had initiated an arbitration proceeding before the AHLA against two of the Appellants in this case (DAC and Dr. González) pursuant to the arbitration clause that is part of the "Management Service Agreement" ("MSA" or "the Agreement") entered between RMS, DAC, Dr. González, Dr. Ramirez-Justiniano, and Dr. Colón-Rivera.   RMS also joined Dr.

Ramirez-Justiniano and Dr. Colón Rivera as parties in the arbitration. The arbitration demand was filed with the AHLA on March 3, 2010 and immediately served upon the respondents. However, rather than abiding by the terms of the contractual agreement and participating in the arbitration proceedings, Appellants immediately attempted to circumvent their obligation to arbitrate all disputes under the MSA by ignoring the arbitration proceedings and initiating this civil action.

On March 30, 2010 the AHLA sent to each party a list of ten arbitrators and requested the parties to rank the individual arbitrators in order to compare rankings and select the arbitrator ranked with the lowest sum. The ranking form was due on April 14, 2010. RMS returned its ranking form, but the Appellants ignored the proceedings and decided not to comply with the rules and regulations to which they had abide to submit themselves in arbitration. On April 13, 2010 Appellants filed the instant case and disregarded the arbitration proceeding in course. As diversity of citizenship existed and the amount in controversy exceeded $75,000.00, on May 10, 2010, RMS removed to the United States District Court for the District of Puerto Rico the action originally filed by the Appellants before the Puerto Rico courts, and immediately moved the district court for an order to compel arbitration. On May 27, 2010, the district court granted the order to compel arbitration and entered judgment accordingly.

The Appellants tardily opposed to the motion to compel arbitration and requested the district court to set aside the order and judgment resorting to flawed arguments as to whether the case should had been remanded to the Puerto Rico courts and whether RMS had waived its right to invoke the arbitration clause in the contract and to resort to the district court to invoke the FAA. On June 28, 2010 Appellants requested the district court an order for stay of the arbitration

proceedings. The district court rejected Plaintiffs' arguments, upheld its order and judgment to compel arbitration, and denied the request for an order to stay the arbitration. Following the district court's decision, the Appellants, rather than abiding to the arbitration agreement and order to compel arbitration by filing their claims in the arbitration proceedings pending before the AHLA, filed a notice to appeal, shortly followed by a "Motion to Stay Judgment Pending Appeal" filed on July 9, 2010 before the district court.  In the meantime, they also requested the arbitrator a stay of the arbitration proceedings. On July 12, 2010, the district court rejected Plaintiffs' arguments and denied their request for stay of judgment. After having been informed of the results of the court's proceedings, the arbitrator set July 23, 2010 as the deadline to respond to the arbitrator's engagement letter in order to move forward with the arbitration, with which Appellants have neglected to comply since March, 2010.  Instead of seeking an immediate relief from this Court, Appellants waited until close of business on July 23, 2010 to request the stay of judgment from this Court of Appeals.

Plaintiffs' arguments in support of this request are flawed and cannot support a stay of the order and judgment compelling arbitration.  Hence, their request should be denied.

### III. AN APPEAL MAY NOT BE TAKEN FROM THE ORDER AND JUDGMENT COMPELLING ARBITRATION.

The action of the district court ordering the parties to arbitrate their claims and entering judgment accordingly constitutes a stay of the proceedings pending arbitration, which, pursuant to 9 U.S.C. § 16, is barred from appeal. Section 16 of Title 9 provides in its relevant part that

> [...]
>
> (b) Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order–

    (1) granting a stay of any action under section 3 of this title [9 USCS § 3];
        (2) directing arbitration to proceed under section 4 of this title [9 USCS § 4];
        (3) compelling arbitration under section 206 of this title [9 USCS § 206]; or
    (4) refusing to enjoin an arbitration that is subject to this title.

9 U.S.C. § 16. In this case RMS moved the district court to issue an order compelling arbitration and an order for stay the judicial proceedings pending arbitration. (Docket No. 2). The district court granted Appellant's request and entered order and judgment ordering the parties to arbitrate their claims. However, no decision on the merits of Appellants' claims was made by the district court. (Docket no. 4 and no. 5). "[N]o judgment determining the entire controversy between the parties has entered (…) [and] the litigation has not ended. **Rather, it has moved to another forum**." De Fuertes v. Drexel, 855 F.2d 10, 11 (1st Cir. 1988) (emphasis added). Consequently, the decision of the district court constitutes a stay of the proceedings pending arbitration barred from appeal under 9 U.S.C. § 16. A judgment is only appealable when the decision and the litigation are on the merits and leave nothing for the court to do but execute the judgment. *See*, Catlin v. United States, 324 U.S. 229 (1945). In this case is hard to see how the district court's order ends the litigation on the merits. *See*, Ramirez v. Rivera-Dueño, 861 F.2d 32 (1st Cir. 1988).

    Furthermore, none of the exceptions to the ordinary rule against interlocutory appeals are present in this case. "A rule regarding every order compelling arbitration as final and appealable would completely undermine Congress' efforts to thwart appeals on such orders", hence, "[t]he FAA, through 9 U.S.C. § 16(a)(1), creates three explicit statutory exceptions to the ordinary rule against interlocutory appeals". *See*, Turboff v. Merrill Lynch, 867 F.2D 1518 (5th Cir. 1989); Campbell v. Gen. Dynamics Gov't Sys. Corp., 407 F.3d 546, 550 (1st Cir. 2005). The exceptions are: (i) an order refusing a stay of any action under 9 U.S.C. § 3; (ii) an order denying a

petition under 9 U.S.C. § 4 to order arbitration to proceed; or (iii) an order denying an application under 9 U.S.C. § 206 to compel arbitration. *See*, 9 U.S.C. § 16(a)(1). In this case the Appellants filed a civil action seeking declaratory judgment and economic redress in the local courts, the action was properly removed to the district court where the Appellees moved for an order compelling arbitration and stay of judicial proceedings, and the court granted such a request ordering arbitration of the claims. Consequently, there is no order denying a stay of the action, denying a petition for an order to arbitrate, or an order to compel arbitration from which the Appellants can request interlocutory appeal. On the contrary, according to the express terms and provisions of the FAA the Court has ordered the parties to arbitrate their claims as contractually agreed in accordance with the AHLA rules. Thus, the order and judgment of the district court is an interlocutory order staying the proceedings pending arbitration that is barred from appeal.

### IV. APPELLANTS' REQUEST DOES NOT MEET THE TEST REGULATING THE ISSUANCE OF A STAY OF JUDGMENT PENDING APPEAL

"Different Rules of Procedure govern the power of district courts and courts of appeals to stay an order pending appeal. *See* Fed. Rule Civ. Proc. 62(c); Fed. Rule App. Proc. 8(a). Under both Rules, however, the factors regulating the issuance of a stay are generally the same: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987). As discussed below, Appellants in this case are not likely to succeed on the merits of this appeal, and will not be irreparably injured absent a stay. The public interest, however, is best served by upholding the order to compel arbitration

issued by the district court. The order is in accordance with a clear and express arbitration agreement in the MSA and the federal policy favoring arbitration.

    A.    <u>Appellants are not likely to succeed on the merits of the appeal.</u>

        *(1)    There is a Valid Arbitration Agreement Enforceable under the FAA that Encompasses the Claims filed in this Case.*

RMS, DAC, Dr. González-Trápaga, Dr. Ramirez-Justiniano, and Dr. Colón-Rivera entered into the MSA for the development, building, management and operation of a vascular access center in Mayagüez, Puerto Rico. According to paragraph 13.9 of the Agreement the parties agreed to submit <u>any dispute</u> under the agreement to binding arbitration in accordance with the rules of arbitration of the American Health Lawyers Association. The language of the MSA is as follows:

> 13.9 Dispute Resolution / Arbitration. Manager and Medical Practice shall use good faith negotiation to resolve any dispute that may arise under this Agreement. **In the event Manager and Medical Practice cannot reach an agreement on any issue, such issue will be settled by binding arbitration in accordance with the rules of arbitration of the American Health Lawyers Association**, and judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. Such arbitration shall occur in Mayaguez, Puerto Rico, unless the parties mutually agree to have such proceedings in some other locale. The arbitrator(s) may in any such proceeding award attorneys' fees and costs to the prevailing party.

(Emphasis added). The FAA provides that any arbitration agreement within its ambit "shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. The FAA also permits "[a] party aggrieved by the alleged ... refusal of another to arbitrate" to petition any federal district court for an order compelling arbitration. <u>Id</u>. at § 4. By its terms, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." <u>Dean Witter</u>

7

Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985). A court's role under the FAA is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute. Id.

In this case, there is a valid and enforceable arbitration agreement between RMS and the Plaintiffs that encompass all claims raised in their complaint. The parties to the MSA agreed that they would submit to arbitration any dispute on any issue on which they cannot reach an agreement, and that arbitration would be the exclusive forum and remedy for any legal dispute or claim related to the Agreement, waiving any right to a court trial for such claims. The arbitration clause at issue herein is explicit, but it must not be forgotten that "[i]n general, agreements to arbitrate are 'generously construed'. As such, 'questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration…,' and 'as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability'." Jorge-Colón v. Mandara Spa Puerto Rico, Inc., 2010 U.S. Dist. LEXIS 14925 (citing Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985); Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983); AT&T Technologies, Inc. v. Communications Workers of America, Inc., 475 U.S. 643, 650 (1986); Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52, 62 (1995); Mun. of San Juan v. Corp. para el Fomento Económico, 415 F.3d 145 (2005). Hence, the district court's decision to order the parties to submit their claims to arbitration was in accordance with the terms of the MSA, the FAA and its interpreting case law.

8

> *(2) The Arbitration Provision Is Enforceable Despite Plaintiffs' Attacks on the Validity of the MSA.*

In their complaint Appellants allege that RMS made false representations to them and acted in deceit when it presented the projected revenues of the access center, information that DAC and the Plaintiffs argue was essential for the execution of the MSA, thus claiming that their consent was obtained through error and deceit. They also allege that RMS' role in the negotiation of contracts with payers was a fundamental issue when they consented to the execution of the MSA. Hence, they request the Court to pronounce the contract null and void under the provisions of the Puerto Rico Civil Code. In addition, the plaintiffs hold that RMS acted in bad faith, with negligence and deceit during both the negotiation and execution of the contract causing them $6.95MM in damages. The Appellants do not challenge the arbitration provision of the MSA.

Pursuant to the FAA all the issues regarding the validity of the MSA raised in the Complaint should not be heard before a court because the parties to the MSA have unequivocally agreed that all disputes related to the MSA are to be submitted to an arbitrator of the AHLA, and the Appellants do not challenge the arbitration provision of the MSA. Regarding this issue the States Supreme Court has rejected the notion that an arbitration provision is unenforceable simply because a party attacks the validity of the underlying contract containing the arbitration provision. In Prima Paint Corp. v. Flood & Conklin Manufacturing Co., 388 U.S. 395, 403-04 (1967), the Court drew a distinction between fraud in the inducement of the entire contract and fraud in the inducement of the arbitration clause alone. In that case the Supreme Court concluded that when, as here, the allegation is that the entire contract was the product of fraud or deceit, the case is still arbitrable. Id. "In *Prima Paint*, the Supreme Court distinguished between fraud in the inducement of the entire contract and fraud in the inducement of the arbitration clause alone.[ . . .] Thus, a court

9

can consider a claim that a party was fraudulently induced to include an arbitration clause in a contract, but not a claim that an entire contract was the product of fraud. As counterintuitive as it may seem, under *Prima Paint* a dispute over the making of a contract can arise out of that same contract, and thus be subject to arbitration." Houlihan v. Offerman & Co., 31 F.3d 692 (8th Cir. 1994).   Hence, it is up to the arbitrator to decide whether the contract should be rescinded.

The Supreme Court reaffirmed the Prima Paint holding in Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 449 (2006). In Buckeye, the Court again held that under the FAA, "a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator." Id. Thus, since the Plaintiffs' void arguments go to the validity of the substantive provisions of the contract, not to arbitrability, the Court could not consider such arguments. They have no bearing on the validity of the arbitration clause. *See*, Id. at 445-46. More recently, in an opinion issued on June 2010, the Supreme Court upheld its previous decisions and decided that unless a party challenges a provision of an arbitration agreement specifically, a court must treat it as valid under 9 U.S.C.S. § 2, and must enforce it under 9 U.S.C.S. §§ 3 and 4, leaving any challenge to the validity of the agreement as a whole for the arbitrator. *See*, Rent-a-Center, West, Inc. v. Antonio Jackson, 2010 U.S. LEXIS 4981 (June 21, 2010).   This Court has followed the Prima Paint precedent, and held that "[a]s a matter of federal law, the arbitration clause is unaffected even if the substance of the contract is otherwise void or voidable". Sleeper Farms v. Agway, Inc., 506 F.3d 98, 103 (1st Cir. 2007).

In order to affect enforcement of the arbitration provision, specifically, there has to be an allegation that the party was fraudulently induced to include an arbitration clause in the contract. Id. No such allegation exists in this case.   Consequently, the district court acted correctly when it

issued the order enforcing the arbitration provision and compelling arbitration of all of the claims against RMS. The parties are bound to the arbitration provision of the MSA and any claims related to the execution of the MSA or challenge to the contract must be considered in arbitration.

>   *(3)   Whether the MSA Contained a Condition Precedent for the Filing of an Arbitration Demand and If That Condition Was Met by RMS Is an Issue to Be Heard in Arbitration.*

All issues raised by the Appellants in this case regarding the validity of the MSA or the validity of the arbitration demand pending before the AHLA should be heard in arbitration. Section 13.9 of the MSA states:

>   13.9 Dispute Resolution / Arbitration. Manager and Medical Practice shall use good faith negotiation to resolve any dispute that may arise under this Agreement. **In the event Manager and Medical Practice cannot reach an agreement on any issue, such issue will be settled by binding arbitration in accordance with the rules of arbitration of the American Health Lawyers Association**, and judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. Such arbitration shall occur in Mayaguez, Puerto Rico, unless the parties mutually agree to have such proceedings in some other locale. The arbitrator(s) may in any such proceeding award attorneys' fees and costs to the prevailing party.

(Emphasis added). As alleged in the Complaint[11/] filed in this case and evidenced by the documents attached thereto, in compliance with Section 3.9 of the MSA, RMS exhausted negotiations with DAC, Dr. González-Trápaga, Dr. Ramirez-Justiniano, and Dr. Colón regarding their disputes under the Agreement. It was only after such negotiations were exhausted without reaching an agreement that RMS filed the arbitration demand pending before the AHLA. (Complaint, Docket no. 1). Consequently, even if the exhaustion of good faith negotiations were a condition precedent for arbitration, RMS complied with that condition. Moreover, as it has been established, any challenge to the timeliness of the arbitration demand, a challenge to the

---

[1]   *See*, Complaint ¶¶ 92 and Exhibit CC to the Complaint (Docket No. 1).

11

compliance with any condition for arbitration, or a challenge to the contract must be considered in arbitration. *See*, Howsam v. Dean Witter Reynolds, 537 U.S. 79, 84 (2002) ("[P]rocedural questions which grow out of the dispute and bear on its final disposition are presumptively not for the judge, but for an arbitrator, to decide."); Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 24-25 (1983) ("The presumption is that the arbitrator should decide allegations of waiver, delay, or a like defense to arbitrability."). *See also*, Buckeye Check Cashing, Inc. v. Cardegna, *supra*; Rent-a-center, West, Inc., *supra*.

>    *(4). The Governing Law of the MSA Does Not Constitute a Waiver of the Arbitration Agreement.*

Section 13.3 of the MSA regarding the governing law of the agreement does not contain a venue or forum selection clause waiving RMS's right to remove this case to federal court and to request an order to compel arbitration and stay of judicial proceedings. Section 13.3 of the MSA titled "Governing Law" is limited to an agreement as to the applicable law for the construction of the MSA and enforcement of rights under the contract. The applicable law for the construction and enforcement of the MSA has nothing to do with forum selection or venue. A forum selection clause needs to give sufficient notice of the clause in the contract and be clear and unambiguous. No such clause exits in the MSA. *See*, Rivera v. Centro Médico del Turabo, Inc., 2007 U.S. Dist. LEXIS 60392 (D.P.R. 2007), confirmed in Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10 (1st Cir. 2009). Hence, RMS did not waive its right to have the case removed to federal court.

In any event, Plaintiffs' argument that Puerto Rico law and not the FAA should be applied to the request for order to compel arbitration and stay of judicial proceedings because of the choice of substantive law provision included in the contract is absurd. Neither a reasonable reading of the

MSA, nor the body of case law construing the FAA would sustain such proposition. Section 13.3 of the MSA reads as follows:

> 13.3   Governing Law.   **This Agreement shall be construed in accordance with the internal substantive laws of the Commonwealth of Puerto Rico**, applicable to contracts executed, delivered and to be fully performed in such state regardless of where actually executed, delivered or performed, and without giving effect to contrary conflict of laws principles; provided, however, any provisions hereof relating to perfection of security interests or enforcement of rights thereunder shall be governed by the laws of the state where the applicable collateral is located.

(Emphasis added). It follows that section 13.3 is expressly limited to establish that the construction of the MSA will be made according to the laws of the Commonwealth of Puerto Rico. However, this clause is not at issue in this stage of the proceedings. RMS requested, and the district court granted, the enforcement of a clear and express arbitration agreement for the resolution of all claims or disputes under the MSA. As previously discussed, any and all claims between the parties under the MSA should be heard in the ongoing arbitration proceeding pending before the AHLA and not before any court. Hence, construction of the MSA is not and was not an issue before the district court. It will be the arbitration tribunal the one in charge with interpreting the MSA in accordance with the substantive laws of Puerto Rico for reaching a decision concerning the controversies between the parties.

In addition, neither Section 13.3 of the MSA, nor any other section of the Agreement, excludes application of any law or statute of the United State enforceable in Puerto Rico. Consequently, Plaintiffs' argument that only Puerto Rico law, and not the FAA, is to be applied to enforce the arbitration agreement between the parties to the MSA is unavailing. In fact, the Supreme Court has expressly recognized the application of the FAA to the states, including Puerto Rico. *See*, Southland Corp. v. Keating, 465 U.S. 1, 12 (1984) (the FAA creates a body of

substantive law that is applicable in both state and federal courts). *See also*, Medina Betancourt v. La Cruz Azul de Puerto Rico, 155 D.P.R. 735 (2001) (citing Southland Corp. v. Keating to hold the application of the FAA in Puerto Rico).

## V.   APPELLANTS WILL NOT SUFFER ANY IRREPARABLE INJURY AND GRANTING OF THE STAY WILL BE CONTRARY TO PUBLIC POLICY FAVORING ARBITRATION.

Appellants have a proper forum to present their claims and challenges to the MSA and they will not suffer any irreparable injury if a stay of the judgment is not granted. It has been recognized that an "order compelling arbitration does not ordinarily harm the losing party irreparably." *See*, Abernathy v. Southern California Edison, 885 F.2d 525, 529 (9th Cir. 1989). *See also*, Queipo v. Prudential Bache Secur., Inc., 867 F.2d 721 (1st Cir. 1989); DeFuertes v. Drexel, 855 F.2d 10 (1st Cir. 1988). "If the party claiming the case is not arbitrable also loses the arbitration, he can be expected to return to the district court to challenge the award after it is issued. Following a final judgment in the district court, the aggrieved litigant may then seek appellate review of the entire case, including plenary review of the initial order compelling arbitration." Abernathy, *supra*. "Of course, if the litigant was justified in contending that arbitration was incorrectly ordered in the first place, he will have needlessly incurred the cost of arbitration. However, this type of inconvenience resulting when a sound defense interposed early in a litigation is erroneously rejected is the price of the final judgment rule and does not constitute irreparable harm." Id.

In this case the Plaintiffs agreed to arbitrate any dispute with RMS in accordance with the rules and procedures of the AHLA. Such rules and regulations provide for participation of all parties in the arbitration proceedings. Hence, Appellants will have every opportunity to present

14

their claims in arbitration and introduce every piece of evidence they deem necessary to support such claims.   In the event they lose in arbitration, the Appellants will have the opportunity to seek judicial review of the award.   Consequently, to allow the arbitration proceedings to continue their course will not cause Appellants any irreparable injury. Moreover, Appellants had waited various weeks since the district court denied their request for stay of the judgment pending appeal to seek the same remedy from this Court of Appeals confirming that they are not at risk of suffering any irreparable injury. Hence, their continued efforts to protract arbitration should not be allowed.

Furthermore, Appellants' concerns with the selection of the arbitrator are their own doings. Appellants actually waived any right to question the selection by unreasonably refusing to participate in the selection process. Appellants have been given notice and are well aware of all the stages of the proceedings before the AHLA. Notwithstanding, they voluntarily ignored the communications sent by the AHLA with the list of potential arbitrators as well as the AHLA's further request for return of the arbitrators' ranking form. Hence, according to the rules and regulations to which Appellants submitted themselves in the MSA, the AHLA selected and appointed the arbitrator in the proceedings initiated by RMS.   Appellants waived their right to participate or question such selection and should not be allowed to support any contention of irreparable injury on such grounds.

Finally, stay of the judgment pending appeal would be contrary to federal policy favoring arbitration and contrary to the terms of a valid arbitration agreement between the parties. The Appellants have neglected to comply with a valid arbitration agreement by initiating this action and filing all possible requests to protract the arbitration. Such conduct cannot be overlooked. The FAA calls for a summary and speedy disposition of motions or petitions to enforce arbitration

clauses and "the 'national policy favoring arbitration' outweighs the interest in preserving a judicial forum for questions of arbitrability." *See*, Rent-a-Center, West, Inc. v. Antonio Jackson, 2010 U.S. LEXIS 4981 (2010). Hence, public interest would be best served by denying the Appellants' request for stay of judgment pending appeal and allowing arbitration proceedings to continue their course.

**WHEREFORE**, it is respectfully requested from this Honorable Court to enter order denying the "Motion to Stay Judgment Pending Appeal" filed by the Appellants on July 23, 2010.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on July 25, 2010.

I hereby certify that on July 25, 2010 I electronically filed the foregoing document with the United States Court for the First Circuit by using the CM/ECF System. I certify that the following parties or their counsel of record are registered as ECF Filers and they will be served by the CM/ECF System: Juan Ramon Rivas-Rivera, Esq.

**S/JOSÉ LUIS GONZÁLEZ CASTAÑER**
**USCA NO. 35499**
jlgclaw@gmail.com

**S/CRISTINA B. MARTÍNEZ GUZMÁN**
**USCA NO. 82740**
martinezguzmanc@gmail.com

**GONZÁLEZ CASTAÑER & MORALES CORDERO, C.S.P.**
Westernbank World Plaza
Suite 1500
Ave. Muñoz Rivera 268
Hato Rey, Puerto Rico 00918
Tel. 758-7819 / Fax. 758-4152
gcmglaw@gmail.com